USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLTON EVANS,

       Petitioner,

-v-

ROBERT ERCOLE, Superintendent,

       Respondent.

---

No. 06 Civ. 6686 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On July 25, 2007, petitioner Carlton Evans ("Petitioner" or "Evans") submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"), challenging his conviction in the Supreme Court of New York, New York County. The Petition contains two claims, one contesting the validity of his *Antommarchi* waiver at trial, and one asserting that his sentence was excessive. (*See* Petition ¶ 13.) Before the Court is Petitioner's letter-request that the Court stay consideration of his claims so that he can "further exhaust" them in state court. For the reasons set forth below, Petitioner's request is DENIED.

A district court may, in its discretion, stay and hold in abeyance a *habeas corpus* petition while the petitioner returns to the state court to exhaust his state remedies if (1) a petition contains exhausted and unexhausted claims; and (2) dismissal of the petition would jeopardize the timeliness of any new petition. *Zarvela v. Artuz*, 254 F.3d 374, 379-82 (2d Cir. 2001). The Supreme Court has advised that, so as not to undermine the goals of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a stay is only appropriate "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is

no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). If a petitioner fails to demonstrate the presence of one or more of these conditions, the Court may not grant a stay. *Id.* at 277-78.

Petitioner's request is denied. Petitioner's first claim, regarding the validity of his *Antommarchi* waiver, was properly exhausted in state court, where Petitioner raised the claim on direct appeal to the Appellate Division, *see People v. Evans*, 806 N.Y.S.2d 210 (1st Dep't 2006), as well as the Court of Appeals, which denied his application on March 23, 2006. *See People v. Evans*, 6 N.Y.3d 833 (2006).

Petitioner's second claim, that his sentence was "unduly harsh and excessive" (*see* Petition ¶ 13), was not raised on direct appeal, and thus was not fully exhausted in state court. However, despite the existence of an unexhausted claim, Petitioner's request for a stay fails the *Rhines* test because Petitioner's unexhausted claim is not potentially meritorious. The sentence Petitioner received, which he concedes was "legal as a matter of law" (*see* Petition ¶ 13), was within the limits set by the New York legislature.[1] The Second Circuit has established that "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (citing *Underwood v. Kelly*, 692 F. Supp. 146 (E.D.N.Y. 1988)).

---

[1] Petitioner was convicted of two counts of Rape in the First Degree and one count of Sodomy in the First Degree, which are classified as class B felony offenses. (*See* Petition ¶5); *see also People v. Evans*, 806 N.Y.S.2d 210, 210 (1st Dep't 2006); Penal Law §§ 130.35, 130.50. He was sentenced to consecutive terms of 20 years on the rape convictions, concurrent with a term of 20 years on the sodomy conviction. *See People v. Evans*, 806 N.Y.S.2d at 210. As a second felony offender convicted of a class B felony, Petitioner was eligible to receive a sentence of eight to 25 years' imprisonment. *See* Penal Law § 70.06(6)(a). Thus, Petitioner's sentence was within the range prescribed by New York law.

2

Accordingly, Petitioner's request to stay any unexhausted claims is denied.

SO ORDERED.

Dated:   March 6, 2008
         New York, New York

                                        RICHARD J. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE