UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK

---

№ 07 Civ. 6686 (RJS) (DFE)

---

CARLTON EVANS,

Petitioner,

VERSUS

ROBERT ERCOLE,

Respondent.

---

ORDER ADOPTING REPORT AND RECOMMENDATION
April 13, 2010

---

RICHARD J. SULLIVAN, District Judge:

Carlton Evans ("Petitioner") petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction and sentence in state court. Before the Court are Petitioner's objections to the December 11, 2009 Report and Recommendation ("Report") of the Honorable Douglas F. Eaton, Magistrate Judge, recommending the denial of the habeas corpus petition (the "Petition"). For the reasons set forth below, the Court adopts Magistrate Judge Eaton's Report in its entirety and the petition is DENIED.

I. BACKGROUND

On July 15, 2002, Petitioner was charged with two counts of rape in the first degree and one count of sodomy in the first degree in the Supreme Court of New York, New York County. These charges, which are Class B felonies under New York law, see N.Y. Penal Law §§ 130.35, 130.50, arose out of two separate incidents that occurred in Manhattan in September 2000 and February 2001. Petitioner was convicted by jury trial on February 3, 2004, of all three charges. Petitioner was sentenced to two consecutive terms of twenty years for the rape counts. These terms ran concurrently with

a term of twenty years for the sodomy count, giving Petitioner a combined sentence of forty years. He is currently serving this sentence at Green Haven Correctional Facility in Stormville, New York.

Petitioner's conviction and sentence were affirmed by the Appellate Division, First Department. *People v. Evans*, 806 N.Y.S.2d 210 (N.Y. App. Div. 2006), *leave denied*, 847 N.E.2d 378 (N.Y. 2006). Petitioner's conviction became final on June 21, 2006, when the time to seek direct review in the United States Supreme Court by writ of certiorari expired. *See Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998); Sup. Ct. R. 13(1) (establishing ninety-day period for filing petition for writ of certiorari).

On January 27, 2006, Petitioner filed a timely habeas corpus petition pursuant to 28 U.S.C. § 2254 to challenge his conviction, asserting that he was being held in state custody in violation of his federal constitutional rights.[1] The case was transferred from the Honorable Kenneth M. Karas, United States District Judge, to the undersigned on September 4, 2007. (Doc. No. 2.) Respondent submitted an opposition memorandum of law to the Petition on November 14, 2007. (Doc. No. 8.) On January 14, 2008, Petitioner served upon the Court an affirmation/traverse, annexed to a reply memorandum of law. (Doc. No. 11.)

By order signed March 6, 2008, the Court denied Petitioner's request to stay his habeas proceeding so that he could further exhaust his claims in state court, finding that one of his claims was already properly exhausted, and the other claim was not potentially meritorious. (Doc. No. 13.)

The Court then referred the Petition to Magistrate Judge Eaton on January 8, 2009. (Doc. No. 14.) Judge Eaton issued his Report on December 11, 2009, recommending that the Petition be denied, and gave the parties fourteen days to file objections to the Report. (Doc. No. 15.) The Court granted Petitioner a thirty-day extension of time to file objections. (Doc. No. 16.) Petitioner filed his objections on February 4, 2010, which the Court construes as timely for the purposes of this Petition. (Doc. No. 17.)

## II. DISCUSSION

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). To the extent that a party makes specific objections to a magistrate judge's findings, the court must undertake a de novo review of the petitioner's objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

However, where the objections are "conclusory or general," or where the petitioner "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292

---

[1] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state prisoners seeking habeas corpus relief whose conviction became final after April 24, 1996 must file their petitions within one year of the date that their convictions became final. *See* 28 U.S.C. § 2244(d)(1); *Lindh v. Murphy*, 521 U.S. 320 (1997). Section 2244(d)(2) of the AEDPA tolls the "[t]ime during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending."

(S.D.N.Y. 2002) (quoting *Barratt v. Joie*, No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008).

Petitioner's objections do not address Magistrate Judge Eaton's conclusions with specificity, but simply reiterate Petitioner's prior arguments and dispute the Report as a whole. Accordingly, the Court will review the Report for clear error.[2]

### A. Petitioner Was Not Entitled To Revoke His *Antommarchi* Waiver

The New York Court of Appeals has held that a defendant has a fundamental right to be present at any sidebar questioning of potential jurors as to their ability to weigh evidence objectively and to hear testimony impartially. *People v. Antommarchi*, 80 N.Y.2d 247, 249-50 (N.Y. 1992). Petitioner does not dispute that he signed a written waiver of his *Antommarchi* rights before jury selection occurred, but asserts that he was also entitled to an opportunity to later revoke the waiver. (Obj. 2-3.) Petitioner argues that because he was denied this opportunity, an evidentiary hearing is required to determine whether he received a fair trial. (*Id.* at 2-4.)

The Court finds that Magistrate Judge Eaton did not err in finding that Petitioner's *Antommarchi* waiver was valid, and therefore, his constitutional rights were not violated. A defendant can waive his *Antommarchi* rights by exhibiting a "voluntary, knowing and intelligent choice." *People v. Vargas*, 668 N.E.2d 879, 884 (N.Y. 1996). Although an *Antommarchi* waiver need not be "made in the defendant's own voice . . . there must be some evidence that the defendant intended to surrender his rights, for example, when the waiver is made in the presence of the defendant." *Cox v. Ebert*, No. 06 Civ. 3159 (PAC) (JCF), 2007 WL 2948160, at *22 (S.D.N.Y. Oct. 10, 2007). A knowing waiver can also be implied through conduct, where a defendant is "fully apprised of the nature of the pre-screening procedure, makes no objection to the procedure, and has counsel present for the duration of the pre-screening." *Cohen v. Senkowski*, 290 F.3d 485, 492 (2d Cir. 2002).

In addition to Petitioner's written waiver, the trial transcript strongly supports Magistrate Judge Eaton's conclusion that Petitioner expressed an intent to surrender his rights. Petitioner executed his written waiver on September 30, 2003, after consulting with his attorney. (*See* Report at 3.) The next day, the Court re-informed Petitioner of his rights, and Petitioner again agreed to a waiver:[3]

> Court: Mr. Evans, we are about to screen some of the jurors. We are going to ask them if they can serve, whether they can be fair.

---

[2] Although the Court finds that Petitioner's objections are properly subject to a clear error standard of review, the Court would find the objections to be meritless under a de novo standard of review as well.

[3] On September 30, 2003, before executing his written waiver, Petitioner was informed of his *Antommarchi* rights in a proceeding before the Honorable Carol Berkman. (*See* Report at 3.) Because of a scheduling problem, the trial was reassigned to the Honorable James Yates, who reiterated Petitioner's rights to him the next morning on October 1, 2003, in the portion of the transcript quoted above. (*See id.* at 3-4.)

3

> You have a right to be present during any stage of the proceeding that you want to be present at. That includes right now.
>
> If you want to be there and listen to what people say, what potential jurors say about whether they can be fair or not, whether they're available or not, you can do that, it's your choice.
>
> On the other hand, [your attorney] has indicated that at this stage of the proceeding it's not necessary for you to be here, . . . if you want to waive your presence.
> . . . .
>
> What's your decision?
>
> Petitioner: I don't need to be back here for that.
>
> Court: Okay. So, you're waiving your presence for this part of the proceeding and we'll bring you up for the rest?
>
> Petitioner: Yes.

(Tr. of Proceeding before Justice James Yates, dated Oct. 1, 2003, at 18-19.)

Once a waiver is validly executed, a petitioner is not automatically entitled to an opportunity for revocation. *See People v. Williams*, 706 N.E.2d 1187, 1189 (N.Y. 1998) (asserting that trial judges have "broad discretion to control and manage their courtrooms and court proceedings," including the power to refuse to rescind an *Antommarchi* waiver). Nevertheless, the portion of the October 1, 2003 transcript quoted above establishes that Petitioner *was* offered — yet declined — an opportunity to revoke the waiver he had signed the day before. Petitioner offers no explanation for this second, verbal waiver, but only asserts that he "*could have* felt totally uncomfortable" at the time. (Obj. 2 (emphasis added).) However, at no point before or during the trial did Petitioner exhibit any conduct indicating that his waiver was involuntary. *See Cohen*, 290 F.3d at 491-93 (2d Cir. 2002).

Accordingly, the Court finds that Petitioner validly waived his *Antommarchi* right to be present and that a hearing is not required to determine whether Petitioner received a fair trial.

B. Petitioner's Sentence Was Not Excessive

Petitioner further objects to the Report on the ground that his total sentence of forty years was unduly harsh and excessive in violation of the Eighth Amendment and should be reduced in the interest of justice. (Obj. 5-10.) For the reasons set forth below, the Court finds that Magistrate Judge Eaton did not err in concluding that Petitioner's sentence did not violate the Eighth Amendment.

As noted in the Report, courts have consistently upheld sentences that fall within the sentencing range prescribed by state law. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *see also Virgil v. Rivera*, No. 07 Civ. 1720 (JFB), 2008 WL 1902687, at *15 (E.D.N.Y. Apr. 25, 2008); *Ford v. Phillips*, No. 03 Civ. 2077 (SJ) (RER), 2007 WL 957536, at *15 (E.D.N.Y. Mar. 29, 2007). Here, Petitioner was convicted of three Class B felonies. *See* N.Y. Penal Law §§ 130.35, 130.50. Under New York law, a second felony offender must be

sentenced to not less than eight years' and not more than twenty-five years' imprisonment for each Class B felony conviction. *See* N.Y. Penal Law § 70.06(6)(a). Thus, an aggregate forty year determinate sentence is well within the maximum seventy-five year determinate sentence that Petitioner could have received for his crimes. *See id.* The assertion that a sentencing judge abused his or her discretion in sentencing, including the imposition of consecutive sentences, is generally not subject to habeas review. *See United States v. Ferguson*, 758 F.2d 843, 856 (2d Cir. 1985); *Smith v. Grenier*, No. 99 Civ. 5230 (JBW), 2003 WL 24015053, at *7 (E.D.N.Y. Sept. 15, 2003) (asserting that the imposition of a consecutive sentence within the statutory range was not a cognizable constitutional issue on habeas review, and was not cruel and unusual).

Under limited circumstances, however, federal courts may still review lawfully imposed state sentences for proportionality under the Eighth Amendment. *See Hutto v. Davis*, 454 U.S. 370, 374 (1982) (quoting *Rummel v. Estelle*, 445 U.S. 263, 273, 274 (1980)) ("[F]ederal courts should be reluctant to review legislatively mandated terms of imprisonment, and . . . successful challenges to the proportionality of particular sentences should be exceedingly rare."). Through the Due Process Clause of the Fourteenth Amendment, the Eighth Amendment's prohibition against cruel, unusual, and grossly excessive punishments limits the states' discretion to impose criminal sentences. *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 424-25 (2001). The Supreme Court has enforced such limits in cases where the punishments were "grossly disproportional to the gravity of the defendants' offenses." *Id.* at 434. Factors considered in making the proportionality determination include: (1) the degree of reprehensibility of defendant's conduct or the extent of his individual culpability; (2) the relationship between the penalty and the harm to the victim; and (3) the sanctions imposed in other cases for comparable misconduct. *Id.* at 435.

The Court finds that even if Petitioner's claim was cognizable for habeas review, there is no basis to reduce his sentence given that it is not disproportionate to the gravity of his crimes. *See Virgil*, 2008 WL 1902687, at *15 (noting that Petitioner's sentence was not "unduly harsh or excessive under the Eighth Amendment" after considering the proof offered at trial and the nature of the crimes committed). Here, Petitioner has not shown why a sentence of forty years is grossly disproportionate to the crime of raping two adult women, *see Coker v. Georgia*, 433 U.S. 584 (1977) (holding that sentence of death is grossly disproportionate and excessive punishment for the crime of raping an adult woman), or that two consecutive sentences running concurrently with a third sentence is unduly harsh and excessive for the commission of multiple criminal sexual acts, *see Sutton v. Berbary*, No. 02 Civ. 3446 (TPG), 2003 WL 22339275, at *2 (S.D.N.Y. Oct. 14, 2003) (finding that the commission of two criminal sexual acts, occurring closely together in time, may be sentenced consecutively).

Here, the State presented overwhelming evidence against Petitioner based on DNA matching and identifications by both victims at trial. On appeal, Petitioner did not challenge the legal sufficiency of the evidence presented against him. *See Evans*, 806 N.Y.S.2d at 210. Furthermore, in *Coker*, the Supreme Court emphasized the seriousness of rape as a crime

that is "highly reprehensible, both in a moral sense and in its almost total contempt for the personal integrity and autonomy of the female victim . . . . Short of homicide, [rape] is the ultimate violation of self." 433 U.S. at 597.

Accordingly, the Court finds that Magistrate Judge Eaton did not err in concluding that Petitioner's sentence is not unduly harsh, excessive, or disproportionate to the severity of his crimes, and is not in violation of the Eighth Amendment.

III. CONCLUSION

For the foregoing reasons, the Report is adopted in its entirety and the Petition is DENIED. A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated: April 13, 2010
New York, New York

\*\*\*

Petitioner is appearing on a pro se basis. Respondent is represented by Andrew Cuomo, Attorney General of the State of New York, and Alyson J. Gill, Assistant Attorney General of Counsel of the State of New York, 120 Broadway, New York, New York, 10271.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/10